**ORIGINAL**


RECEIVED
MAY 06 2022
PRO SE OFFICE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MAHILIMA BAA,

        Plaintiff,

   -against-

1. ERIC GONZALEZ, Kings County District Attorney; 2. ISMAEL ZAYAS, New York City Police Department Detective; 3. JOSEPH GAVINO New York City Police Officer, Tax I.D. No. 953927; 4. KENNETH SHIELDS, New York City Police Officer, Tax I.D. No. 954334 5. CARL ROADARMEL, New York City Police Detective; 6. JOSEPH BELLO, Police Sergeant with New York City Police Department; 7. MATTHEW MILBOURNE, Agent For the New York City Administration for Children Services; and; 8. City of New York Administration for Children Services,

(Each are Sued in their individual and official Capacities;

Defendant(s).

------------------------------------------------------------X

COMPLAINT

CV 22-2602

KOVNER, J

BULSARA, M.J.

Civil Action No._____

Jury Trial Demanded

    I.    Complaint

1

Plaintiff, MAHILIMA BAA, pro se for this complaint states as follows:

II.     Parties

(1) Plaintiff Mahilima Baa is a Native American and citizen of the United States and a documented member of the Yamasi nation, which is duly registered and recognized by the United States Department of State, and New York State currently domiciled at 361 Kosciuszko Street, Brooklyn, New York 11221. Kindly, refer to the herein attached exhibits nos. 1 .

(2) Defendant ERIC GONZALEZ, is and was at all times relevant herein acting in his official capacity and under color of law as the duly elected district attorney for Kings County, New York. Defendant Gonzalez, maintains his principal office at 350 Jay Street, Brooklyn, New York 11201. Defendant Gonzalez, is and was responsible at all times relevant herein for the management, operations, training and oversight of all employees assigned to his office, including the defendant Ismael Zayas, an investigative detective from New York City Police Department on May 3rd 2022.

(3) Defendant ISMAEL ZAYAS, is and was at all times relevant herein acting in his official capacity, acting under color of law and a subordinate of defendant Gonzalez. Defendant Zayas maintains his principal office at 350 Jay Street, Brooklyn, New York 11201. The defendant caused a May 5th 2022, communication to be served upon Plaintiff, wherein he requested Plaintiff surrender himself for charges of theft.

(4) Joseph Gavino was at all times relevant herein employed as a police officer With the City of New York, State of New York. Defendant Gavino maintains a principal office at New York City Police Headquarters located at 1 Police Plaza, New York, N.Y.10038

(5) Defendant Kenneth Shields was at all times relevant herein employed as a police officer with

The City of New York, State of New York. Defendant Shields similarly to defendant Gavino maintains a principal office at New York City Police Headquarters as indicated above.

6. Defendant Carl Roadarmel was at all times relevant herein employed as a police officer/detective with the City of New York, State of New York, and as such similar to aforementioned defendants Gavino, and Shields maintains his principal office at New York City Police Headquarters indicated above.

7. Defendant New York City Police Department is and was at all times relevant herein a Part and member of a municipal corporation of the State of New York.

8. Defendant Matthew Milbourne was at all times relevant herein employed as an agent/investigator for the City of New York's Administration for Children Services, and maintains a principal office at 150 William Street, New York, New York 10038

III. JURISDICTION

(7) This action arises under and is brought pursuant to 42 U.S.C. Sections 1983, 1985 and 1986 to remedy deprivations under the color of state law of rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, and ratified covenants and treaties entered into by the United States regarding members of the Yamassee nation of which plaintiff is a member. Additionally, Plaintiff invokes herein the Courts to adjudicate violations of The Universal Declaration of Human Rights of which the United States is signatory to as further set forth herein.

IV. Previous Law Suits

Plaintiff has filed no other law suits dealing with the same set of facts involved in this action.

1) Eric Gonzalez, Kings County D.A.
250 Jay St., Brooklyn, N.Y. 11201

2) Ismael Zayas, Detective at Kings County D.A.
250 Jay St., Brooklyn, N.Y. 11201

3) Joseph Gavino, Police officer at New York City P.D.
1 Police Plaza, N.Y., N.Y. 10038

4) Kenneth Shields, Police Officer at New York City P.D.
1 Police Plaza, N.Y., N.Y. 10038

5) Carl Roadarmel, Detective at New York City P.P.
1 Police Plaza, N.Y., N.Y. 10038

6) Joseph Bello, Police Sergeant at New York City P.D.
1 Police Plaza N.Y., N.Y. 10038

7) Matthew Melbourne, Agent for N.Y.C. Administration of Children Services
150 Williams St., New York, N.Y. 10038

8) N.Y.C. Administration for Children Services
150 Williams St, N.Y., N.Y. 10038

V. Statement of Claim

At all times relevant herein, defendants were "persons" for purpose of 42 U.S.C. Section 1983 and acted under color of law to deprive plaintiff of his federal rights as set forth fully below

.VI Statement of Facts

a. In the morning of Wednesday, February 18th 2015, at approximately 2:30 am plaintiff

Was driving down Brooklyn Avenue, in Brooklyn, New York, when he notice that the vehicle in front of him was moving unusually slow, though it had no other vehicles in front of it. As plaintiff approached the slow moving vehicle in front of him by approximately five car lengths, he noticed that the vehicle had stalled and/or deliberately halted at the intersection after signaling that it was turning left. The vehicle's actions prevented plaintiff from going around it to make a right turn, as plaintiff had clearly signaled his intentions to do so. In response to the vehicles confusing and dilatory actions, plaintiff blew his vehicles horn, whereupon the vehicle finally moved aside allowing plaintiff to move ahead and execute his right turn.

b. Upon completing his right turn plaintiff was immediately caused to halt by an

unmarked police vehicle with heavily tinted windows operated by defendants Gavino and Shields. Defendant Gavino demanded that the plaintiff produce his driver's license. While retrieving his driver's license, plaintiff noticed that the vehicle that had been in front of him, and delayed him making a turn circled around and the driver of that vehicle gestured a thumbs up signal to defendant Gavino. While this gesture was somewhat confusing to plaintiff, it was seemingly recognized by defendant Gavino, who responded with a nod of his head to the other driver.

c). Defendant Gavino approached plaintiff and asked "do you know why I stopped you." To which the plaintiff stated in sum and substance that he had no idea. Defendant Gavino replied that the plaintiff was driving too close. When plaintiff explained that he found that unbelievable, the defendant Gavino demanded that plaintiff produce his driver's license. Upon producing his New York City Process Server's Identification, Passport Card and Tribal Driver's License, the defendant Gavino replied; "give me your real driver's license."

d). Plaintiff stated to the defendant Gavino, that "if you do not know what these documents are, I request that you call your supervisor." Defendant Gavino notified his supervisor, whom upon arriving plaintiff subsequently identified as defendant Joseph Bello, a sergeant with the New York City Police Department.

e). Defendant Joseph Bello, arrived and ordered plaintiff to exit his vehicle and ordered that plaintiff be handcuffed and arrested, while commenting in a clearly audible tone to defendant Gavino, "what do you make of this shit?" "Nigger claims he is an Indian chief." Both defendants shared a laugh, as the handcuffed plaintiff was made to enter a police van. Defendant Gavino attempted to engaged plaintiff in a discussion, to which the plaintiff declined.

f). Following the plaintiff's arrest the defendant Gavino asked the plaintiff where did he want his vehicle to be parked, upon which the plaintiff instructed the defendant to follow departmental procedures. At the precinct, plaintiff's property was inventoried and he was asked if, he wanted to contact his attorney. The plaintiff did place a phone call to an attorney.

g). After having been arrested and following a phone call to his attorney prior to an arraignment, the plaintiff was informed that he had an attorney visit, only to discover that the alleged attorney was, in fact defendant Roadarmel a member of the New York City Police Department, who began to interrogate plaintiff about an alleged shooting in 2009.

h). Plaintiff immediately informed the defendant Roadarmel that he had nothing to discuss with him, and realized that the vehicle stop, and subsequent thumbs up signal by the driver of the deliberately stalled vehicle, was part of a conspiracy to detain him for defendant Roadarmel's illegal and improper questioning prior to plaintiff's arraignment in violation of state and federal law.

i). Plaintiff, discovered information that identified the defendants Roadarmel, Gavino, and; Bello of having used their official capacities to engage in similar acts evidencing racial animus, while operating under the color of law against other non-white citizens in violation of state and federal law.

j). The defendant, New York City Police Department, is aware of the defendant's pattern and practice of violating the civil rights of non-white citizens, while acting under the color of law due to the previous complaints made against the defendants.

k). That on May 5th 2022, Plaintiff received a notice from defendant Gonzalez's assistant and subordinate, defendant Zayas, which was actually thrown in Plaintiff's open doorway at approximately 11:00 a.m., wherein defendant Zayas requested Plaintiff surrender himself to defendant Zayas for processing of criminal charges of theft. Plaintiff believes upon information and belief defendants are engaged in another a continuation of a conspiracy to utilize the laws of the State of New York to engage in discrimination against Plaintiff, as has been carried out against him repeatedly as set forth herein. The basis of Plaintiffs belief is that he is, in fact and by law the lawful holder of a lease to the property at 321 Willoughby Avenue, Brooklyn, New York that defendants Gonzalez and Zayas erroneously allege was stolen by Plaintiff. Kindly, refer to Plaintiff's hereto attached exhibit nos. (2) and (3).

## COUNT ONE

k). Defendant City of New York is and was at all times relevant herein a municipal corporation of

the State of New York.

l). This action arises under and is brought pursuant to 42 U.S.C. Sections 1983, 1985, and 1986 to remedy the deprivation under color of state law, of rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C. Sections 1331, 1343; International Covenant on Political and Civil Rights, and; ratified Articles 2, and 9 of the Universal Declaration on Human Rights.

m). At all times relevant herein, defendants were "persons" for purpose of 42 U.S.C. 1983 and acted under color of law to deprive plaintiff of his federal and international rights as set forth fully below.

n. Defendants acted separately and jointly to deprive plaintiff of his rights guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unlawful arrest, when defendants devised a scheme and plan to have an unmarked police vehicle delay him moving forward in his vehicle, and relied on that tactic as a pretext to arrest plaintiff.

o. The defendant's failure to accord plaintiff the full rights, privileges and immunities of which he is entitled upon producing his tribal driver's license, and the comments of the defendants demonstrated racial animus against plaintiff as a Native American member of the Yamassee Nation having the United State – State Department's Authentication Number 2/11/2004: 040100101. The State of New York authenticated and registered plaintiff's tribe on October 1, 2004. Kindly, refer to attached exhibits nos. (1).

p. That following the conspiracy to effect an illegal arrest of the plaintiff, defendants demonstrated racial animus by using statements to denigrate, and mock plaintiff's racial heritage, as previously stated herein.

q. In further violation of the plaintiff's constitutional and international rights, the defendants conspired to delay plaintiff's arraignment on their fraudulent charges in order to allow defendant Roadarmel to interrogate him concerning an alleged crime to which plaintiff was not charged, after the defendant had deliberately and fraudulently misrepresented himself as an attorney in violation of the United States Constitution, New York's Criminal Procedure Law, as well, as published training manuals of the New York City Police Department's and ("Departmental Rules and Regulations").

r. That several months after the defendant's conspiracy to entrap, arrest and violate plaintiff's, the charges were ordered held in abeyance, and adjourned in contemplation of dismissal by the Kings County, Criminal Court. Such bogus and conspiratorial discriminatory charges were ultimately and properly ordered sealed. See, hereto attached exhibit no. (4) respectively.

COUNT II

1). Plaintiff, Mahilima Baa, restates herein each and all of ("Count One") including enumerated paragraphs (a), through (r) as if fully set forth again here in the above-referenced Count II:

a). Each of the aforementioned defendants actions set forth herein at Count I, and those set forth at ("COUNT II") represent a continuing conspiracy of the defendants, their agents, co-workers, as well, as other agencies of the City of New York to deprive plaintiff of his civil and human rights conferred upon him by the divine Creator, the Universal Declaration of Human Rights, the Constitution of the United States of America and all Treaties agreed, entered upon and signed by the President of the

United States of America and Secretary of State as pertaining to First Nation/Indigenous Peoples Immunities, Privileges and Rights as set forth herein as follows:

b). That as part of defendants continual conspiracy to deprive plaintiff of his civil, constitutional and Universal Human Rights, plaintiff was set upon by members of the New York City Police Department on dates relevant to Plaintiff's instant Complaint.

c) That on or about April 2, 2021, members of the plaintiff's community and neighbors were accosted by members of defendant's organization, New York City Police Department, and interrogated concerning plaintiff's relations with members of the community, wherein plaintiff's neighbors were advised against associating with plaintiff.

d) Defendants employed and enlisted others to enter the conspiracy scheme to harass, intimidate and violate plaintiff's guaranteed rights against such acts by having New York City Administration for Children Services, on or about August 12, 2018, evicted Ms. Douglas along with two of his children from a shelter.

e. Plaintiff's two children of whom Ms. Douglas is the mother of were allegedly evicted because of her failure to provide social security numbers for the children, who like their father, the plaintiff are members of the Yamassee First Nations/ Indigenous People. Despite Ms. Douglas having presented their tribal identity credentials, Ms. Douglas and the Children were nonetheless discharged and evicted onto the street.

f. That the defendants, New York City Administration for Children Services, like the defendant members of the New York City Police Department engaged in racially discriminatory conduct by deliberately refusing to recognize plaintiff's tribal identity and credentials, as well, as those of his

9

children. The defendant New York City Administration for Children Services, as well, as defendant New York City Police Department have departmental directives, policies and procedures published and distributed to their agents, employees and auxiliaries that routinely recognize and accept credentials from Caucasian ethnic, religious and tribal residents of New York City who identify themselves as Judaic in violation of the First Amendment of the United States Constitution , known as the ("Establish Clause of the United States Constitution").

g. The defendant's children were readily domiciled with an uncle who resided at in Brooklyn, New York. However, on or about   Ms. Douglas was requested to provide agents of the Administration for Children Services access to her children, whereupon she readily supplied them with the address to their uncle's residence. Soon thereafter Ms. Douglas informed plaintiff that she had been in receipt of notices that both she and plaintiff were going to be arrested.

h. That on or about September 10th 2020, members of the Sheriff's Department breached the door of her residence and by force extracted the plaintiff's and Ms. Douglas's children.

I. As a direct result of the defendants, the Administration for Children Services, and specifically the deliberate inclusion of false, inaccurate and misleading information and documents prepared by defendant Matthew Milbourne an agent and employee of the Administration for Children Services plaintiff's children frequently exhibit anxious features, when strangers approach them.

NOTICE OF INTENT

j. Plaintiff caused a NOTICE OF INTENTION to bring this action upon defendants and was provided documentation acknowledging receipt of the same. (5).

VII Relief Damanded

Declaratory Judgment

10

a) Plaintiff requests declaratory judgment that the defendant's actions violated his rights to be Free from unlawful arrest and seizure as guaranteed by the Fourth Amendment to the United States Constitution;

b) That defendant's actions violated plaintiff's rights, privileges and immunities afforded him by the United States and the State of New York as a member of the Yamassee Nation and its official representative to the New York State Region, as attested to by the plaintiff's documents.

c) That defendant Roadarmel's interrogation of plaintiff following his arrest, and after he had been afforded to speak with his attorney was in violation of New York's Criminal Procedure Law, and Policy and Procedures of the New York City Police Department, and;

d) That plaintiff is entitled to all rights, privileges and immunities by the defendant New York City Police Department, its officers and agents as a registered and duly recognized member of the Yamasi Nation, and;

e) That plaintiff's tribal driver's license is an authentic and genuine document of the Yamasee Nation, and is entitled to the full faith and credit assigned to those documents by the United States-State Department, and New York State as demonstrated by the aforementioned exhibits.

VIII Injunctive Relief

a) Plaintiff demands that the defendant's herein be Enjoined from any forms of discrimination

towards the plaintiff as a Native American, including but not limited to interference of him carrying out his designated diplomatic duties as the Yamasi tribal representative as demonstrated by the aforementioned exhibit no, (2).

## IX Monetary Damages

a) That defendants Gavino and Shields pay plaintiff the sum of one million dollars each;

b) That defendant Bello pay plaintiff the sum of two million dollars;

c) That defendant Roadarmel pay plaintiff the sum of three million dollars, and;

d) That defendant New York City Police Department pay plaintiff damages in the amount of three million dollars;

e) That defendant Milbourne pay plaintiff the sum of two million dollars, and;

f) That City of New York Administration for Children Services pay plaintiff five million dollars.

Dated: May 5, 2022

Mahilima Baa, Plaintiff, pro se
361 Kosciuszko Street
Brooklyn, New York 11221